UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIKE A. TOSCANO, | ) | 1:06-CV-01570 OWW SMS HC |
| | ) | |
| Petitioner, | ) | ORDER REGARDING NEXT FRIEND |
| | ) | STATUS |
| v. | ) | |
| | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| MIKE KNOWLES, Warden, | ) | [Doc. #6] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 6, 2006, Petitioner filed the instant petition for writ of habeas corpus. On November 27, 2006, he filed a motion for appointment of counsel and a motion to proceed in forma pauperis.

In all of Petitioner's filings, reference is made to one Shadale L. Williams, who purports to be Petitioner's "next of friend." It is apparent from the several filings that Petitioner requests the Court appoint Mr. Williams as his representative to prosecute this action. Mr. Williams is not a licensed attorney, but a fellow inmate. In support of his request, Petitioner cites to Fed. Rules of Civ. Proc. 17(c) and Local Rule 17-202. These sections allow for the appointment of a legal representative in instances where the individual to be represented is an infant, minor, or a mentally incompetent person.

The concept of "next friend" standing in habeas corpus proceedings is codified in 28 U.S.C. § 2242. Section 2242 states that "[a]n application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or* by someone acting in his behalf." 28 U.S.C. §2242 (emphasis added). Generally, a "next friend" appears in court on behalf of a prisoner who is unable, usually because of mental incompetence or inaccessibility, to *seek relief* for themselves. Whitmore v. Arkansas, 495 U.S. 149, 162, 110 S.Ct. 1717 (1990) (emphasis added).

In Whitmore v. Arkansas, the United States Supreme Court recognized the concept of "next friend" standing and explained that the next friend does not become a party to the action but "simply *pursues* the cause on behalf of the detained person, who remains the real party in interest." Id. "Next friend" petitions have been filed in a variety of contexts in the past, however, they have been utilized almost exclusively on behalf of capitally sentenced defendants. See, eg., Demosthenes v. Baal, 495 U.S. 731, 110 S.Ct. 2223 (1990)(*per curiam*); Lenhard v. Wolff, 443 U.S. 1306, 100 S.Ct. 3 (1979); Evans v. Bennett, 440 U.S. 1301, 99 S.Ct. 1481 (1979); Gilmore v. Utah, 429 U.S. 1012, 975 S.Ct. 436 (1976).

A person only has standing to bring a "next friend" challenge to a judgment of death in limited circumstances. Whitmore, 495 U.S. at 163-64. First, the "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. Id; See Brewer v. Lewis, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must prove party to be protected is incompetent to assert his own rights); Wilson v. Dixon, 256 F.2d 536, 537 (9th Cir. 1958), *cert denied*, ("The right of one person to sue for habeas corpus to secure the release of another . . . exists only when the application or complaint for the writ sets forth 'some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the complaint and who the 'next friend' is." (*quoting* United States ex rel. Bryant v. Houston, 273 F.915, 916 (2d Cir. 1921)).

Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. Whitmore, 495 U.S. at 163-64. It has also been suggested that the "next friend" have some significant relationship with the real party in interest. Id; See, Davis v. Austin,

492 F. Supp. 273, 275-76 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend"standing).  The burden to establish the propriety of his status is on the proposed "next friend." Whitmore, 495 U.S. at 164.

A third requirement sometimes expressed is that the third-party applicant not be using the next friend vehicle to engage in the unauthorized practice of law. Id.; See, e.g., Groseclose ex rel. Harries v. Dutton, 589 F. Supp. 362 (M.D. Tenn 1984).  Hence, a habeas petition must set forth some reason or explanation for the need to resort to the use of a "next friend."  See, Weber v. Garza, 570 F.2d 511, 513-14 (5th Cir. 1978).  It is clear that a "next friend" may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition. Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990).

The Court does not find appointing Mr. Williams as Petitioner's "next friend" appropriate in this matter. First, it has not been shown that Petitioner is mentally incompetent to prosecute the action. Second, Mr. Williams lacks a significant relationship with Petitioner. Third, the Court is aware that inmates often enlist the assistance of other inmates in the preparation of their legal documents and pleadings as Petitioner has done here. There is nothing preventing Mr. Williams from continuing to do so. Thus, it is unnecessary to resort to appointing Mr. Williams as "next friend."

Petitioner has also filed a request for appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Accordingly, Petitioner's request for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   December 6, 2006                       /s/ Sandra M. Snyder**

icido3                                    UNITED STATES MAGISTRATE JUDGE