UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIKE A. TOSCANO, | ) | 1:06-CV-01570 OWW SMS HC |
|           Petitioner, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| A. HEDGPETH, Warden, | ) ) | [Doc. #18] |
|           Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, A. HEDGPETH[1], is represented in this action by Maureen A. Daly, Esq., of the Office of the Attorney General for the State of California.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on April 25, 2000, of oral copulation in prison in violation of Cal. Penal Code § 288(a), (e). See

---

[1] As stated by Petitioner in his Opposition, A. Hedgpeth is currently the Warden of Kern Valley State Prison, where Petitioner is incarcerated; therefore, A. Hedgpeth is hereby substituted for Mike Knowles as the respondent in this matter pursuant to Fed. R. Civ. Proc. § 25(d)(1).

Lodged Doc. No. 1.[2] On May 23, 2000, Petitioner was sentenced to serve a consecutive indeterminate term of 25 years to life in state prison. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). On November 26, 2001, the 5th DCA affirmed the judgment. See Lodged Doc. No. 2. Petitioner then sought a petition for review in the California Supreme Court. On January 29, 2002, the petition was summarily denied. See Lodged Doc. No. 4.

Petitioner then filed seven post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Kern County Superior Court
   Filed: February 4, 2003[3];
   Denied: February 13, 2003;

2. Kings County Superior Court
   Filed: April 23, 2003[4];
   Denied: January 30, 2004;

3. Kings County Superior Court
   Filed: July 3, 2003[5];
   Denied: January 30, 2004;

4. Kings County Superior Court
   Filed: April 22, 2004[6];
   Denied: May 4, 2004;

---

[2] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

[3] Although the petition was filed in the Kings County Superior Court on February 10, 2003, the petition was dated February 4, 2003. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on February 4, 2003, the date Petitioner presumably handed his petition to prison authorities for mailing.

[4] Although the petition was filed on May 5, 2003, pursuant to the mailbox rule the Court considers the petition filed on April 23, 2003, the date Petitioner signed the petition and presumably handed the petition to prison authorities for mailing.

[5] The mailbox rule cannot be applied as it appears Petitioner merely photocopied the signature page from his first state petition.

[6] Although the petition was filed on April 30, 2004, pursuant to the mailbox rule the Court considers the petition filed on April 22, 2004, the date Petitioner signed.

5. California Court of Appeals, Fifth Appellate District
Filed: June 14, 2004[7];
Denied: June 24, 2004;

6. California Supreme Court
Filed: July 15, 2004[8];
Denied: June 15, 2005;

7. Kings County Superior Court
Filed: May 30, 2006[9];
Denied: July 6, 2006.

See Lodged Docs. Nos. 5-17.

On October 30, 2006,[10] Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On March 16, 2007, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition to Respondent's motion to dismiss on April 11, 2007. On April 20, 2007, Respondent filed a reply to Petitioner's opposition.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

---

[7] Although the petition was filed on June 18, 2004, pursuant to the mailbox rule the Court considers the petition filed on June 14, 2004, the date Petitioner signed the petition.

[8] Although the petition was filed on July 21, 2004, pursuant to the mailbox rule the Court considers the petition filed on July 15, 2004, the date Petitioner signed the petition.

[9] Although the petition was filed on June 22, 2006, pursuant to the mailbox rule the Court considers the petition filed on May 30, 2006, the date Petitioner signed the petition.

[10] Although the petition was filed on November 6, 2006, under the mailbox rule the Court will consider the petition filed on October 30, 2006, the date Petitioner signed the petition.

F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 30, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on January 29, 2002. Thus, direct review concluded on April 30, 2002, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from April 30, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until November 6, 2006, over three years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on April 30, 2002, and expired on April 29, 2003. However, Petitioner filed his first state habeas petition on February 4, 2003, in the

Kings County Superior Court. At that point, 280 days of the limitations period had elapsed. Because the petition was properly filed, the statute of limitations is tolled for the time this petition was pending. The petition was denied on February 13, 2003. Petitioner next filed a state habeas petition in the Kings County Superior Court on April 23, 2003. Respondent argues the time between the denial of the first petition and the filing of the second petition should not be tolled because Petitioner was not progressing to the next state appellate level. Respondent's argument is correct. As stated above, the Supreme Court has stated that the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition *at the next level of the state court system*. Carey, 536 U.S. at 215; see also Delhomme v. Ramirez, 340 F.3d 817, 819-820 (9th Cir.2003). Since Petitioner was not proceeding in an orderly progression to the next appellate level, he is not entitled to tolling for this interval. Therefore, at this point, 350 days of the limitations period had expired.

The period was again tolled for the time the second and third petitions were pending until they were denied on January 30, 2004.[11] With 15 days remaining, the limitations period expired on February 14, 2004. Petitioner filed his fourth petition on April 22, 2004, again in the Kings County Superior Court. As discussed above, because Petitioner was not proceeding to the next appellate level, he is not entitled to tolling for the duration between the petitions. The limitations period expired well before the filing of this fourth petition. Because the limitations period had already expired, the collateral challenges had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Likewise, the subsequent petitions did not operate to toll the statute of limitations.

In his opposition to Respondent's motion, Petitioner argues the petition is timely because he has previously submitted a petition with the Ninth Circuit Court of Appeals.[12] He argues the Ninth Circuit considered his application timely filed and therefore the District Court is precluded from

---

[11] The second and third petitions were dismissed jointly.

[12] It appears that Petitioner filed a petition for writ of mandamus in the Ninth Circuit on August 17, 2006. See Attachment to Respondent's Reply to Petitioner's Opposition.

finding to the contrary. This is incorrect. The Ninth Circuit reviewed Petitioner's application and dismissed it for lack of jurisdiction with instructions that Petitioner should file said application in the District Court. The Ninth Circuit did not rule on the timeliness of the instant habeas action. Moreover, as pointed out by Respondent, the statute of limitations had already expired at the point he filed his application with the Ninth Circuit. Therefore, it could have no tolling consequence. In addition, a federal petition does not qualify to toll the statute of limitations. Duncan v. Walker, 533 U.S. 167 (2001).  Accordingly, the instant federal petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 1, 2007**                             /s/ Sandra M. Snyder
                                                       UNITED STATES MAGISTRATE JUDGE